# CHARLESTON.

State *v.* Charles Alexander

(No. 6391)

Submitted November 19, 1929. Decided November 26, 1929.

*Posten, Glasscock & Posten,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

Woods, President:

Charles Alexander was convicted in the circuit court of Monongalia county upon a charge of unlawful possession of moonshine liquor. He brings error to this Court, alleging that the trial court erred in not setting aside the verdict as contrary to the law and the evidence.

A building, known as the Mountaineer Hotel, in the city of Morgantown, was entered on the evening of the 29th day of October, 1927, by several officers, armed with a search warrant, and liquor found therein. The office does not open directly onto the street, but is reached through the first door off the hall. Alexander, who admits half-ownership in the hotel enterprise, was at the time at the desk, acting in the capacity of clerk. Liquor was found in a little room behind, and conected by door with, the office. The only furniture in that room consisted of a refrigerator, a table, and three chairs. On the table sat three whiskey glasses, and on the

refrigerator, a bottle containing liquor. Back of the desk were found two cartons, each containing twenty-four empty one-half pint bottles. In addition to this, several bottles of moonshine were found on a bed in room number two, concealed under some portiers, and a pint in room number twenty. While number two was admittedly unoccupied, the register showed twenty to have been assigned—the name being illegible. Defendant states that he did not know whether twenty was actually occupied or not, as he could neither read nor write, except to write his own name. There is nothing in the record to show that anyone other than the management had access to and domination and control over the space back of the hotel desk or the small room back of the office. So far as the evidence discloses, the defendant might have legally enjoyed the contraband to the exclusion of all others.

In a prosecution for unlawful possession of moonshine liquor, evidence is sufficient if it shows that defendant owned or had dominion or control over such contraband. *State* v. *Danser*, 105 W. Va. 495. As stated in that case: ''It [possession] implies a present right to deal with the property at pleasure and exclude other persons from meddling with it.'' The defendant denied ownership, or knowledge of its presence. No explanation was offered as to the presence of the moonshine, the glasses and the forty-eight empty half-pint bottles, or how they could have been placed there without his knowledge or consent. When asked his duties defendant replied: ''I was part owner and act as clerk.'' His partner in business lived in Grafton.

The court fully and correctly charged the jury on the law of circumstantial evidence, and the jury evidently found that the defendant had offered no sufficient explanation as to the liquor being on premises under his control, and rejected his statement as to knowing nothing about its presence. Under the particular facts of this case we cannot say, as a matter of law, that the jury were not authorized to find that the circumstantial evidence adduced was sufficient to exclude every reasonable hypothesis save that of defendant's guilt; and, the finding of the jury having been approved by the trial judge, this Court will not interfere.

*Affirmed.*